FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2020

SEAN F. McAVOY, CLERK

1

2

3          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF WASHINGTON

4

5    UNITED STATES OF AMERICA,              No.    2:13-cr-02068-SMJ-1

6                      Plaintiff,           **ORDER DENYING MOTION FOR
                                            COMPASSIONATE RELEASE**
7          v.

8    JOSE TREVINO GALLEGOS (01),

                       Defendant.
9

10        Before the Court, without oral argument, is Defendant Jose Trevino

11   Gallegos's Motion to Reduce Sentence, ECF No. 189. The Government opposes

12   compassionate release, and in the alternative requests that the Court impose a period

13   of home confinement. ECF No. 193. The Court has reviewed the record in this

14   matter, is fully informed, and denies the motion.

15                          **BACKGROUND**

16        In April 2014, Judge Fred Van Sickle sentenced Defendant to 210 months'

17   incarceration after Defendant pleaded guilty to Possession with Intent to Distribute

18   a Controlled Substance under 21 U.S.C. § 841(a)(1). ECF No. 150. Over two weeks

19   in Spring 2013, Defendant had sold at least 214 grams of methamphetamine and

20   214 grams of heroin and possessed multiple firearms for "protection." ECF No. 119

at 4. In 2017, this Court reduced Defendant's sentence to 168 months, noting that "Defendant's argument that § 851 enhancements are sometimes used to gain leverage on defendants in plea negotiations is well taken."[1] ECF No. 182 at 3. The Order also recognized that Defendant "is taking advantage of opportunities afforded to him while in prison." ECF No. 182 at 4.

Defendant is housed in Lompoc USP detention facility in Santa Barbara County, California. *BOP Inmate Locator*, BOP (last accessed Oct. 19, 2020), https://www.bop.gov/inmateloc/. Defendant now seeks compassionate release because his health conditions put him at a high risk of contracting coronavirus and, if he does contract the virus, at a high risk of hospitalization and death from the disease. ECF No. 189. Defendant suffers from hypertension, hepatitis C, obesity,[2] hyperlipidemia, spondylosis, radiculopathy, and prostate as well as urinary tract issues. ECF No. 188-7.

At FCC Lompoc, over 1,000 inmates have tested positive for COVID-19, and at least four have died. DOJ OIG Releases Reports of Remote Inspections of FCC Lompoc and FCC Tucson Examining the Institutions' Responses to the Coronavirus

---

[1] The United States had filed a double § 851 notice against Defendant, which increased the penalties for his charged offenses from a 10-year mandatory minimum to mandatory life. ECF No. 67.

[2] Defendant has a BMI of 30.71. ECF No 188-4 at 1. The threshold for clinical obesity rests at a BMI of 30. *See* People with Certain Medical Conditions, CDC (last accessed Oct. 19, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity.

Pandemic, U.S. Dep't of Justice, Office of the Inspector General (last accessed Oct. 19, 2020), https://oig.justice.gov/news/doj-oig-releases-reports-remote-inspections-fcc-lompoc-and-fcc-tucson-examining-institutions. But BOP currently lists no active inmate cases at Lompoc, and Defendant has twice tested negative for the virus. COVID-19 Cases, BOP (last accessed Oct. 19, 2020), https://www.bop.gov/coronavirus/; ECF No. 193 at 21.

## LEGAL STANDARD

The Court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow. *See* 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed except that . . ."). The statutory mechanism under which Defendant seeks early release permits a sentence reduction if the Court finds "extraordinary and compelling reasons warrant" such relief. *Id.* § 3582(c)(1)(A)(i). The Court must also consider the sentencing factors provided in 18 U.S.C § 3553(a). 18 U.S.C. § 3582(c)(1)(A). But that provision is only available "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

1

## DISCUSSION

2

**A.     Defendant has satisfied the administrative exhaustion requirement**

3

Having reviewed the materials Defendant submitted with his motion for early

4

release, the Court concludes he has satisfied the requirement of administrative

5

exhaustion set out in 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, it appears

6

Defendant sought relief from the warden of his facility on July 31, 2020. ECF No.

7

188-2 at 1. Defendant did not receive a response. More than thirty days have elapsed

8

since the receipt of Defendant's request to the warden. As a result, the Court is

9

satisfied Defendant has met the administrative exhaustion requirement. *See* 18

10

U.S.C. § 3582(c)(1)(A)(i). The Government does not dispute that Defendant has

11

exhausted his administrative remedies. ECF No. 193 at 4.

12

**B.     Defendant has not demonstrated extraordinary and compelling reasons warranting release**

13

14

Turning to the merits of Defendant's request, the Court finds he has failed to

15

establish "extraordinary and compelling reasons" warranting a reduction in his

16

sentence to time served. Although Defendant has pointed to many potential issues

17

with the way the BOP is trying to mitigate the spread of COVID-19 in its facilities,

18

the Court cannot find that Defendant suffers from any "extraordinary" medical

19

conditions as required by 18 U.S.C. § 3582(c)(1)(A)(i).

20

Further, the crime of conviction is a serious drug offense. Despite Defendant's efforts toward rehabilitation, the Court cannot find that the sentencing factors weigh in favor of his early release.

### 1. The pandemic represents a serious, but not extraordinary, risk to Defendant

In support of his motion for compassionate release, Defendant asserts that he suffers from hypertension, hepatitis-C (liver disease), obesity (BMI of 30.71), hyperlipidemia, spondylosis, radiculopathy, and prostate as well as urinary tract issues. ECF No. 188-7. The CDC reports that people with obesity face an increased risk of suffering from severe illness if they contract COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Oct. 19, 2020) (people with hypertension might be at an increased risk). As research on COVID-19 continues, it remains unclear whether individuals with hepatitis are at an increased risk; however, individuals who have suffered liver damages due to hepatitis may be at a higher risk of severe complications. *See What to Know About Liver Disease and COVID-19*, CDC (May 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

FCC Lompoc, where the Defendant is housed, reportedly has no active

inmate cases of COVID-19 and seven active staff cases. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed Oct. 23, 2020). Despite these comparatively low positive numbers, COVID-19 has a foothold in the BOP nationwide—and to be sure, Lompoc has not remained immune. *Id*. Defendant is rightly concerned about the inability to adequately practice social distancing and take other preventative measures. *See* ECF No. 188-18 at 1.

Despite BOP's struggles to control the spread of COVID-19 in its facilities and Defendant's medical conditions, Defendant fails to articulate any "extraordinary" diagnoses that warrant early release. Defendant remains able to adequately manage his health conditions while incarcerated. Defendant's situation falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

## 2. Defendant still poses a danger to the public

Defendant has served about 77 months (about seven years) of his 168-month sentence. His expected release date is March 17, 2025. *BOP Inmate Locator*, BOP (last accessed Oct. 19, 2020), https://www.bop.gov/inmateloc/. ECF No. 193 at 18. In his presentence investigation report, Defendant had fallen into criminal history category III. ECF No. 136 at 28.

While Defendant has made admirable use of his incarceration, that does not erase the serious nature of the underlying crime. Defendant possessed numerous

firearms and dealt in high quantities of drugs. ECF No. 136; ECF No. 193 at 24 (Defendant stated he purchased heroin by the kilogram and methamphetamine by the pound).

And Defendant's criminal history, although driven in part by his substance abuse, is lengthy. Defendant's prior convictions include a hit-and-run (1990), attempt to deliver marijuana (1991), a DUI (1991), delivering methamphetamine (1993), an "Escape" charge for failing to check in with DOC during supervised release (1995), possessing stolen property and burglary (1996), third degree theft (1996), failing to check in with DOC (1996), driving without a license (1999), possessing cocaine (2002), and possessing drug paraphernalia (2011). ECF No. 136 at 13–19. Defendant has spent most of his adult life either committing crimes or incarcerated.

### 3.    The 3553-factors do not favor release

Along with the kinds of sentences available and the sentencing range established by the guidelines, § 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 7

18 U.S.C. § 3553(a)(2).

This Court has already reduced Defendant's sentence once. In doing so, it concluded that 168 months reflected the seriousness of Defendant's crime while balancing mitigating factors such as his substance abuse. Despite the increased risk posed by the pandemic, the Court concludes that Defendant's already-reduced sentence reflects the concerning nature and circumstances of the offense, Defendant's lengthy criminal history, and avoids unwarranted sentencing disparities. Defendant's punishment is just and will protect the public.

## CONCLUSION

Ultimately, the Court finds that Defendant has not established sufficient "extraordinary and compelling reasons" to justify his release, nor has he demonstrated that the sentencing criteria favor a reduction in sentence. Although Defendant is surely at risk of contracting COVID-19 while incarcerated, he did not sufficiently demonstrate any "extraordinary" reasons favoring his early release. The Court has already reduced Defendant's once, and the Court finds that any further reduction would not reflect the serious nature of his crime of conviction nor afford adequate deterrence from future criminal conduct. Defendant's motion is denied.

//

//

//

1    Accordingly, **IT IS HEREBY ORDERED**:

2    Defendant's Motion to Reduce Sentence, **ECF No. 189**, is **DENIED**.

3    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

4    provide copies to all counsel, the U.S. Probation Office, and the Bureau of Prisons.

5    **DATED** this 23rd day of October 2020.

6

7    _____
     SALVADOR MENDOZA, JR.
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20